Belinda **CYRUS** on behalf of Mildred **McSWEENEY,** George Jefferson, and Paul Robert Bogert, on behalf of a class of individuals similarly situated, Plaintiffs,

v.

Martha Yeager **WALKER,** in her capacity as Secretary, West Virginia Department of Health and Human Services, Defendant.

No. CIV.A. 3:04–0892.

United States District Court,
S.D. West Virginia,
Huntington Division.

Jan. 26, 2005.

468

Kelly D. Ambrose, West Virginia Attorney General's Office, Charleston, WV, Darrell V. McGraw, Jr., WV Dept. of Health and Human Resources, Bureau for Medical Services, Charleston, WV, Charlene A. Vaughan, Deputy Attorney General, Department of Health and Human Resources, State Capitol Complex, Charleston, WV, for Defendant.

Daniel F. Hedges, Mountain State Justice, Inc., Charleston, WV, Jane Perkins, Chapel Hill, NC, Bren J. Pomponio, Mountain State Justice, Inc., Charleston, WV, for Plaintiffs.

## ORDER

CHAMBERS, District Judge.

Pending before the Court is Plaintiffs' motion for class certification. The class members Plaintiffs seek to represent are all applicants and recipients of West Virginia's Home and Community Based Aged/Disabled Waiver Program from November of 2003 to the present. Defendant Martha Yeager Walker, in her capacity as Secretary of the West Virginia Department of Health and Human Services, opposes the motion.[1] For the following reasons, the Court **GRANTS** Plaintiffs' motion.

As stated in other Orders by the Court,[2] this case involves policy changes implemented by Defendant in evaluating claims made under the Medicaid Home and Community Based Age/Disabled Waiver Program (ADWP). Plaintiffs, who claim they are qualified individuals under the program, assert that these policy changes, in particular changes to the notice and hearing processes, violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Medicaid Act, 42 U.S.C. § 1396a(a)(3), which are enforceable pursu-

1. By Order dated January 26, 2005, Martha Yeager Walker was substituted for Paul Nusbaum as Secretary of the West Virginia Department of Health and Human Services.

2. *See Cyrus v. Walker,* No. 3:04–0892 2005 WL 3676827 (S.D.W.Va. Jan. 26, 2005) (order denying motion to dismiss); *Cyrus v. Nusbaum,* No. 3:04–0892 (S.D.W.Va. Sept. 17, 2004) (order granting preliminary injunction).

ant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.[3] *Amended Complaint,* ¶ 43. In the Preliminary Injunction Order entered on September 17, 2004, the Court granted, in part, Plaintiffs' motion for a preliminary injunction and directed Defendant to restore benefits to certain affected individuals. The Court also outlined what information must be sent to these recipients regarding their cases and the restoration of their benefits. In addition, the Court made a preliminary finding that Plaintiffs had met their burden for class certification under Rule 23 of the Federal Rules of Civil Procedure. Following entry of that Order, Defendant filed a Response in opposition to Plaintiffs' motion for class certification and Plaintiffs filed a reply.[4] Upon consideration of the additional arguments made by counsel, the Court confirms its previous finding.

The party seeking certification under Rule 23 has the burden of proving that the requirements of the Rule are satisfied. *See Black v. Rhone–Poulenc, Inc.,* 173 F.R.D. 156, 159 (S.D.W.Va.1996); *see also Windham v. American Brands, Inc.,* 565 F.2d 59, 65 (4th Cir.1977). In order to meet the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, Plaintiffs must show:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

*Fed.R.Civ.P.* 23(a). Not only must the party seeking certification meet the four requirements of Rule 23(a), but the party must also qualify under one of the subdivisions of Rule 23(b).[5] *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 163, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). In her Response to the motion, Defendant argues that Plaintiffs fail to meet several of these criteria.

First, Defendant cites *Adams v. Califano,* 474 F.Supp. 974 (D.Md.1979),[6] in support of her argument that the notices sent to claimants who were denied benefits comply with all requirements of the United States Constitution and the Medicaid regulations. This argument, however, goes to the merits of Plaintiffs' claims, and the Supreme Court has ruled that courts must decide a motion to certify a class before it considers the merits of the case. *See Eisen,* 417 U.S. at 177–78, 94 S.Ct. 2140. In fact, in *Adams,* the court granted the plaintiffs' motion to certify a class of disability claimants before it decided the merits of the plaintiffs' claims. 474

---

**3.** Plaintiffs also claim the processes violate previous Orders by this Court in *Miller v. Lipscomb,* No. 74–CV–0390 (S.D.W.Va. Oct. 26, 1987), and *Sears v. Lewis,* No. 2:94–CV–0093 (S.D. W. Va. April 27, 1995). *Id.*

**4.** At the time the Court entered the Preliminary Injunction Order, the time period for Defendant to file a response to the motion for class certification had not yet expired. Therefore, the Court declined to make a final ruling on class status until after the matter could be fully briefed.

**5.** Rule 23(b) provides, in part:
　(1) the prosecution of separate actions by or against individual members of the class would create a risk of
　(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
　(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

　(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
　(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.
　*Fed.R.Civ.P. 23(b).*

**6.** *Aff'd Adams v. Harris,* 643 F.2d 995 (4th Cir. 1981).

F.Supp. at 978–79. Thus, the Court will not deny class certification on this basis.[7]

Second, Defendant argues that Plaintiffs have failed to show the class is so numerous that joinder of all members is impracticable. Specifically, Defendant asserts that

there is no showing of specific identification of law ... [or] facts common between the Plaintiffs and the proposed class members. The identification by Plaintiffs that all claimants should be included fails to take into account the vast medical differences among these individuals, the number of deficits that each has, or fails to have and the optional nature of this program.

*Defendant's Objection and Response to Plaintiffs' Motion for Class Certification*, at 10. In addition, Defendant insists if the class were numerous, the issue would have been raised on appeal before now with hearing examiners after denial of benefits. *Id.* at 11.

In order to establish numerosity, the class must be so large "that joinder of all members is impracticable[.]" *Fed. R. Civ. P.* 23(a)(1). Impracticality of joinder does not mean that it must be impossible. *Hewlett v. Premier Salons Int'l, Inc.*, 185 F.R.D. 211, 215 (D.Md. 1997) (citation omitted); *Christman v. American Cyanamid Co.*, 92 F.R.D. 441, 451 (N.D.W.Va.1981). Rather, "[p]racticability of joinder depends on factors such as the size of the class, ease of identifying its numbers and determining their addresses, facility of making service on them if joined and their geographic dispersion." *Hewlett*, 185 F.R.D. at 215 (citations omitted). As there is no bright-line rule to establish numerosity, a court must use its practical judgment in light of the facts of the case before it. *Id.* (citation omitted).

■ In considering Defendant's argument in this case, the Court recognizes as an initial matter that the argument appears to be one of commonality and typicality, not numerosity. Indeed, the Court finds that Plaintiffs clearly can show numerosity as they have

alleged 359 recipients have had their benefits terminated under the policy being complained about in this action. *Memorandum of Law in Reply to Defendant's Objection to Plaintiffs' Motion for Class Certification*, at 5 n.2.[8] Moreover, these individuals are dispersed across the State and the composition of the class is fluid, making it impracticable to identify and join each new individual. Moreover, the Court rejects Defendant's additional argument that if the class was indeed so large as alleged by Plaintiffs an action would have been brought before now. Merely because Defendant claims that no one complained about the new procedure until this action was brought does not mean Plaintiffs cannot show it affected numerous individuals. Thus, the Court finds Plaintiffs have met the numerosity requirement under Rule 23(a).

■ Third, Defendant argues that Plaintiffs' claims do not contain common questions of law or fact and the claims of Plaintiffs are not typical of the class. In support, Defendant points to the claims of Paul Robert Bogert, who is a named Plaintiff in this action. At the preliminary injunction hearing, Mr. Bogert contended he was denied counsel, the opportunity to present evidence, and a fair hearing because the nurse who conducted his assessment did not testify at his hearing. Defendant argues these claims are "an aberration" in the process and are not even remotely similar to those of the putative class. To the contrary, Defendant contends that a State hearing officer refused to proceed with a hearing for named Plaintiff George Jefferson who showed up for a hearing that was continued by his counsel the previous day. Thus, Defendant argues there are not common questions of law or fact amongst the proposed class and the named Plaintiffs do not represent the class. The Court, however, disagrees with Defendant's analysis.

As stated by the United States Supreme Court in *General Telephone Co. of Southwest*

---

7. For this same reason, the Court will not deny class certification based upon Defendant's argument that Plaintiffs are not being denied due process based upon their disabilities.

8. In addition, there have been 496 applications denied, somewhere between 951 and 1259 new applicant referrals and reevaluations during the past nine months, and 844 individuals on the waiting list. *Id.*

*v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982):

> The commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence. Those requirements therefore also tend to merge with the adequacy-of-representation requirement, although the latter requirement also raises concerns about the competency of class counsel and conflicts of interest.

457 U.S. at 157 n. 13, 102 S.Ct. 2364. Although there may be slight variations in individual cases, the basis of Plaintiffs' action is to ensure the process is fair to all individuals in making eligibility determinations and providing adequate notice. These processes are common to all people in the proposed class, including Mr. Bogert and Mr. Jefferson. Rule 23 does not require that each and every class member have identical factual and legal situations. Rather, there need be only a common question of law or fact. 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 3.10 (3d ed.1992) (stating "there need be only a single issue common to all members of the class"). The Court finds Plaintiffs have met this burden.[9]

Fourth, Defendant argues that if the Court grants class certification, it should exclude all those individuals who were represented by lawyers and/or paralegals because they had the opportunity to argue any alleged constitutional violations. Plaintiffs respond to this argument by stating that it "improperly focuses on the harm to class members rather than the actual claims asserted." *Memorandum of Law in Reply to Defendant's Objection to Plaintiffs' Motion for Class Certification*, at 11. The Court agrees with Plaintiffs. Regardless of whether an individual was represented at a hearing, Plaintiffs assert that the notice and determination process is flawed from the outset, before many individuals even have counsel. In addition, even if someone had counsel, Plaintiffs' allegations of inappropriate standards and the denial of the opportunity to confront the ultimate decisionmakers may survive. At most, the fact that an applicant or recipient was represented by counsel in the administrative proceedings may be raised by Defendant in her defense on the merits. Therefore, the Court rejects Defendant's argument.

Lastly, Defendant argues that the issue of whether the class should be certified is moot because Defendant has complied with the requested relief. However, it is Defendant's burden to show mootness, and as the Court explains in its Order denying Defendant's motion to dismiss, "it is apparent that the parties have not reached an agreement as to many of the issues raised by Plaintiffs' Amended Complaint and Plaintiffs contend there may be ongoing violations of federal law." *See Cyrus v. Walker*, No. 3:04-0892, 2005 WL 3676827 at *8 (S.D.W.Va. Jan. 26, 2005) (order denying motion to dismiss). Thus, Defendant has failed to show that the issues raised by Plaintiffs are moot.

Accordingly, for the foregoing reasons, the Court finds that Plaintiffs have meet the requirements of Rule 23 and, therefore, **GRANTS** Plaintiffs' motion for class certification.

The Clerk is directed to forward a copy of this Order to counsel of record and any unrepresented parties.

---

9. There is one additional side-argument in note three of Defendant's brief that is worth discussion. Defendant states it is unclear if the named Plaintiffs can fairly and adequately protect the interests of the proposed class because they are all individuals who received re-evaluations and they do not include individuals who have made initial applications or who are seeking emergency increases in services. Defendant makes a blanket statement that these groups can have competing interests, but gives no further explanation. Without more, the Court will not deny or limit class certification on this basis.